THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Ronald Blanding,       
Appellant.
 
 
 

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-653
Submitted December 1, 2004  Filed December 22, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, Office of Appellate 
 Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, 
 Assistant Attorney General Derrick K. McFarland, all of Columbia; and Solicitor 
 Walter M. Bailey, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM:  Dorchester County grand jurors 
 indicted Ronald Blanding for murder.  At trial, Blanding petitioned the trial 
 judge to charge the jury with the lesser-included offense of voluntary manslaughter.  
 The trial judge rejected this request, and the jury found Blanding guilty as 
 charged.  Blanding appeals on the ground that the trial judge erred in failing 
 to instruct the jury on voluntary manslaughter.  We affirm pursuant to Rule 
 220(b)(2), SCACR, and the following authorities:  Harris v. State, 354 
 S.C. 382, 387, 581 S.E.2d 154, 156 (2003) (providing voluntary manslaughter 
 is the unlawful killing of a human being in the sudden heat of passion upon 
 sufficient legal provocation); State v. Knoten, 347 S.C. 296, 302, 555 
 S.E.2d 391, 394 (2001) (holding the law to be charged must be determined from 
 the evidence presented at trial); State v. Byrd, 323 S.C. 319, 319, 474 
 S.E.2d 430, 430 (1996) (providing that in determining whether the evidence requires 
 a charge of voluntary manslaughter, appellate courts view the facts in a light 
 most favorable to the defendant); State v. Cole, 338 S.C. 97, 101, 525 
 S.E.2d 511, 513 (2000) (To warrant a courts eliminating the offense of manslaughter, 
 it should very clearly appear that there is no evidence whatsoever tending to 
 reduce the crime from murder to manslaughter.); Cole, 338 S.C. at 101-02, 
 525 S.E.2d at 513 (Both heat of passion and sufficient legal provocation must 
 be present at the time of the killing to reduce murder to manslaughter.)  State 
 v. Hughey, 339 S.C. 439, 452, 529 S.E.2d 721, 728 (2000) (Even when a persons 
 passions were sufficiently aroused by a legally adequate provocation, if at 
 the time of the killing those passions had cooled or a sufficiently reasonable 
 time had elapsed so that the passions of the ordinary reasonable person would 
 have cooled, the killing would be murder and not manslaughter.)
AFFIRMED. [1] 
HEARN, C.J., and GOOLSBY and WILLIAMS, 
 JJ., concur. 

 
 
 [1]   We decide this case without oral argument pursuant to Rule 215, 
 and 220(b)(2) SCACR.